

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00195-CV

IN THE INTEREST OF K.L.B., A CHILD,

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 84976-L1, Honorable James W. Anderson, Presiding

December 19, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, V.D. (Mother), appeals from the trial court's order terminating her parental rights to K.L.B.[1]  Mother challenges the sufficiency of the evidence supporting termination, contends termination was not in the child's best interest, and argues the trial court erred by denying her motion to extend the jurisdictional deadline.  Finding the evidence sufficient and no error in the trial court's rulings, we affirm.

---

[1] We use initials or pseudonyms to protect the child's identity.  TEX. R. APP. P. 9.8(b).  The parent-child relationship was also terminated between the child and Father, but Father is not a party to this appeal.

BACKGROUND

The Department of Family and Protective Services removed K.L.B. from his parents' care on June 11, 2024, after receiving reports that Mother and Father used methamphetamine in the child's presence and engaged in domestic violence. The trial court granted the Department's request for temporary managing conservatorship that same day and ordered family service plans for both parents.

Department Investigator Isamar Pineda testified that Mother and Father initially refused to speak with her, allow her into their apartment, or submit to drug testing. When they eventually agreed to testing, both parents tested positive for marijuana, cocaine, and methamphetamine. Most troubling, the child (just ten months old) also tested positive for all three substances.[2]

The Department attempted a voluntary safety plan that would have allowed the parents to remain with the child under the paternal grandmother's supervision. The plan failed when the Department discovered the grandmother's own history with the agency disqualified her as a suitable supervisor.

Mother's court-ordered service plan required her to complete drug and alcohol assessment, individual counseling, domestic violence courses, and parenting classes. Permanency specialist Jalisa Byrd testified that Mother completed her drug and alcohol assessment twice due to a relapse and completed her psychosocial assessments.

---

[2] Mother and Father were charged with endangering a child, a state jail felony. They received deferred adjudication community supervision.

However, Mother failed to attend her first counseling session after the psychosocial assessment. She began but did not complete her drug treatment program or domestic violence group.

Throughout the case, Mother tested positive for marijuana multiple times. Father continued testing positive for marijuana, cocaine, and amphetamines. Due to these positive results, the trial court suspended both parents' visitation until they could provide negative drug screens. Neither parent achieved this milestone before trial.

According to Byrd, Mother reported Father physically assaulted her during the case, yet the couple remained together. Meanwhile, K.L.B. thrived in placement with his maternal grandmother, a licensed foster parent prepared to adopt him. Byrd described the placement as protective, nurturing, and caring.

Mother's participation in some services came late and sporadically. Haley Hamilton testified that Mother began her assessment on April 10, 2025, and enrolled in the program on April 21, approximately ten months after removal. By trial on June 3, Mother had attended only four classes while missing three others. Hamilton warned Mother she risked discharge from the telehealth program due to excessive absences.

During announcements for trial, Mother moved to extend the jurisdictional deadline to complete her service plan. The trial court denied the motion and proceeded to trial.[3]

---

[3] Mother's trial request did not specify whether she sought extension under § 263.401(b) or § 263.403(a-1). *Compare* TEX. FAM. CODE § 263.401(b) (extraordinary circumstances required) *with id.* § 263.403(a-1) (near completion of services). The trial court found no extraordinary circumstances. Because Mother now relies solely on § 263.401(b), we limit our analysis accordingly.

3

After hearing the evidence, the court found both parents committed predicate grounds for termination under subsections (D), (E), and (O), found termination in the child's best interest, and appointed the Department as permanent managing conservator. This appeal followed.

**ANALYSIS**

The standards for reviewing the evidence for sufficiency are well-known and require little elaboration. *See In re J.F.-G.*, 627 S.W.3d 304 (Tex. 2021). As factfinder, the trial court exclusively judges witness credibility and weighs testimony. *In re H.E.B.*, No. 07-17-00351-CV, 2018 Tex. App. LEXIS 855, at *5 (Tex. App.—Amarillo Jan. 31, 2018, pet. denied) (mem. op.). While only one predicate ground is necessary to support termination of parental rights when it is in the best interest of the child, due process requires us to review the endangerment grounds when presented, as termination of rights under predicate grounds (D) or (E) can carry consequences for the parent's relationship with other children. TEX. FAM. CODE § 161.001(b)(1)(M); *In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019).

Subsection (E) requires proof that a parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE § 161.001(b)(1)(E). The relevant inquiry focuses on whether the parent's conduct, including acts, omissions, and failures to act, endangered the children. *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). Termination under Subsection (E) requires more than a single act or omission; it demands a voluntary, deliberate, and conscious course of conduct. *In re*

4

*M.M.*, 584 S.W.3d 885, 890 (Tex. App.—Amarillo 2019, pet. denied). The conduct need not target the child directly, nor must the child suffer actual injury. *Id.*[4]

A. Sufficiency of Evidence Supporting Predicate Ground for Termination

Characterizing the Department's evidence as "stale," Mother argues the Department presented no evidence of continued drug use after June 2024. The assertion turns a blind eye to the actual evidence presented at trial. Mother's drug tests results, admitted as exhibits, show continuous marijuana use throughout the case. In fact, because of that illegal drug use, her visits were suspended pending a negative test; she never produced one. Additionally, Mother and Father's drug use resulted in their ten-month-old child testing positive for methamphetamine, cocaine, and marijuana.

"While illegal drug use alone may not be sufficient to show endangerment, a pattern of drug use accompanied by circumstances that indicate related dangers to the child can establish a substantial risk of harm." *In re R.R.A.*, 687 S.W.3d 269, 278 (Tex. 2024); *D. H. v. Tex. Dep't of Family & Protective Services*, 652 S.W.3d 54, 60 (Tex. App.—Austin 2021, no pet.) (drug use may support termination under subsection (E)); *In re D.D.J.-C.*, No. 07-24-00245-CV, 2025 Tex. App. LEXIS 624, at *10–11 (Tex. App.— Amarillo Feb. 4, 2025, no pet.) (mem. op.) (applying *R.R.A.*'s analysis of (P)-ground drug use to (D)-ground endangerment). Here, Mother engaged in continuous drug use before

---

[4] *See also, e.g., In re R.R.A.*, 687 S.W.3d 269, 277 (Tex. 2024) ("A factfinder may infer endangerment from 'a course of conduct' that presents substantial risks to the child's physical or emotional well-being . . . . Those risks can be developed by circumstances arising from and surrounding a parent's behavior. Such risks must be more than 'a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment.'") (ellipses added; footnotes omitted).

and throughout the case—not a single episode—including while caring for the child. This evidence is sufficient to support the factfinder's conclusion that Mother engaged in a pattern of conduct endangering the child's physical and emotional well-being. *In re J.O.A.,* 283 S.W.3d 336, 346 (Tex. 2009) (finding legally sufficient evidence under predicate ground (E), and holding that father's recent improvement in behaviors did not conclusively negate "a long history of drug use and irresponsible choices," including continued use of marijuana after child was removed from custody).

Appellant's first issue is overruled. Having affirmed termination under subsection (E), we need not address Mother's challenges to subsections (D) and (O). *See* TEX. R. APP. P. 47.1; *In re J.W.*, 645 S.W.3d 726, 748 (Tex. 2022).

### B. Sufficiency of Evidence Supporting Child's Best Interest

Beyond proving a predicate ground, the Department must establish that termination of parental rights serves the child's best interest. TEX. FAM. CODE § 161.001(b)(2). Courts consider the non-exhaustive *Holley* factors in this analysis.[5] The Department need not prove each factor; evidence of one factor may suffice in some circumstances. *In re J.S.*, 687 S.W.3d 541, 547 (Tex. App.—Eastland 2024, no pet.).

---

[5] *See Holley v. Adams*, 544. S.W.2d 367, 371–72 (Tex. 1976). Those factors include, but are not limited to: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* at 372.

The evidence here reveals ongoing parental drug use, even after the child was removed from custody. Moreover, evidence supports the judgment through the child's positive drug tests, alleged continuing domestic violence, Mother's failure to complete substantial service plan provisions, and testimony that the child thrives in a foster-to-adopt placement.[6] This evidence sufficiently supports the finding that termination serves the child's best interest. We overrule Mother's second issue.

## C. Denial of Statutory Extension

Per statute, Department-initiated suits to terminate the parent-child relationship must reach trial within one year after the Department receives temporary managing conservatorship. TEX. FAM. CODE § 263.401(a). This deadline is jurisdictional but may be extended under certain circumstances. *Id.* § 263.401(a), (b). Relevant here, the trial court may extend the jurisdictional deadline when (1) extraordinary circumstances necessitate the child remaining in temporary conservatorship, and (2) continuing that arrangement serves the child's best interests. *Id.* § 263.401(b). A parent's voluntary failure to complete a service plan generally does not constitute extraordinary circumstances. *In re D.R.*, 631 S.W.3d 826, 837 (Tex. App.—Texarkana 2021, no pet.).

We review denial of extension requests under § 263.401(b) for abused discretion. *In re L.C.C.*, 667 S.W.3d 510, 516 (Tex. App.—Eastland 2023, pet. denied). Due process complaints are subject to the ordinary preservation rules. *In re L.M.I.*, 119 S.W.3d 707,

---

[6] Mother argues less restrictive alternatives could have protected the child. However, given evidence of the child's positive drug tests, Mother's continued drug use throughout the case, ongoing domestic violence concerns, and failure to complete required services, the trial court was free to determine that no lesser intervention would ensure the child's safety.

710–11 (Tex. 2003) (declining to consider father's due process argument in termination suit where he failed to raise the complaint at trial); *see* TEX. R. APP. P. 33.1.

Mother requested an extension at trial, arguing she would soon complete her service plan. She never objected on due process grounds, leaving nothing for our review. *See* TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d at 710–11.

Mother takes issue with the trial court's characterization of her progress as a "last-ditch effort," characterizing her "engagement was genuine and achievable, not contrived." She claims she "was only weeks away from [successful] discharge." As with her statements about the state of the evidence of drug use, the record tells a different story. Mother waited approximately ten months after removal before she attempted to undertake the requirements in her plan of service. Even after she began, her participation was sporadic, missing three of seven treatment sessions and facing discharge for non-compliance. While completion was theoretically possible in six sessions, the evidence shows that Mother would likely need twelve. This testimony, standing alone, provided the only support for Mother's request. Additional evidence revealed she had failed to complete several other required services.

Accordingly, we conclude that Mother failed to preserve her due process claim. Moreover, we find that the trial court acted within its discretion in denying her request for an extension given the conflicting evidence of any circumstance that would warrant an extension. *See* TEX. FAM. CODE § 263.401(b); *In re D.R.*, 631 S.W.3d at 837. We overrule her third issue.

**CONCLUSION**

We affirm the trial court's order.


Lawrence M. Doss
Justice